IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ABRAHAM G. PINZON,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br>CALIFORNIA DEPT. HEALTH<br>  CASE SVCS.,<br>ADMIN. OFICE OF THE U.S. COURTS FOR<br>  THE U.S. COURTS OF CALIFORNIA,<br>U.S. DEP. HEALTH & HUMAN SVCS.,<br>MENDECINE CO. HEALTH & HUMAN<br>  SERVICES AGENCY,<br><br>    Defendants. | Civil Action No.:  JRR-23-2714 |

**MEMORANDUM OPINION**

The above-entitled complaint was filed on October 5, 2023, along with Motions to Proceed in Forma Pauperis and for Joinder.  ECF Nos. 2 and 3.  The Motion to Proceed in Forma Pauperis will be granted, and the Motion for Joinder denied.  For the reasons stated herein, the complaint must be dismissed.

Self-represented Plaintiff Abraham G. Pinzon resides in California, describes events that occurred in California, and is suing California federal courts as well as various agencies for what he alleges is fraud and discrimination that has occurred in connection with his Social Security benefits.  The forty-page complaint is not entirely clear and is best described as a meandering diatribe that alleges everything and nothing simultaneously.  The one allegation that is clear, however, is that Mr. Pinzon believes that California is no longer an appropriate venue for his claims due to the fact that his complaints have been dismissed.  *See* ECF No. 1 at 23.  Mr. Pinzon takes particular aim at Chief Judge Mueller, Judge Daniel J. Calabretta and Magistrate Judge Deborah

Barnes of the United States District Court for the Eastern District of California because a report and recommendation issued in *Pinzon v. Calif. Dept. of Health Care Svcs.*, Civil No. 2:23-cv-0008-DJC-DB-PS (E.D. Ca. 2023) at Dkt. 8, recommended that his complaint be dismissed. ECF No. 1 at 13-23. The recommendation to dismiss Mr. Pinzon's complaint was based on the fact that he was attempting to sue members of the judiciary for their judicial acts. *Id*. at 18-19. Mr. Pinzon additionally takes aim at the United States District Court for the Northern District of California for its apparent "disregard" of the United States Constitution in connection with *Pinzon v. Leoz, et al.*, Civil No. 3:22-cv-7277 (N.D. Ca. 2023) which Mr. Pinzon voluntarily dismissed. *See* ECF 1 at 11, 25 (notice of voluntary dismissal). Mr. Pinzon has also filed suit in the United States District Court for the District of Columbia, *Pinzon v. U.S. Dept. of Health & Human Svcs., et al.*, Civil No. 1:23-cv-2012 (UNA) (dismissed on August 15, 2023 for lack of jurisdiction and failure to comply with Fed. R. Civ. P. 8).

As noted, Mr. Pinzon filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.

2

1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Like the court in the District of Columbia, this Court finds that Mr. Pinzon has failed to provide a short and plain statement of his claim as required by Fed. R. Civ. P. 8(a). While it is clear that Mr. Pinzon believes that fraud has been committed in connection with his Social Security benefits, left to the imagination are such details as the acts allegedly constituting fraud, the individuals alleged to have committed fraud, and when and how any of the alleged acts have harmed Mr. Pinzon. Rather, Mr. Pinzon offers conclusory accusations, name calling, and an obfuscation of any real legal claim he may have had now or at some time in the past. Statements posing as factual allegations that are, in reality, legal conclusions simply do not suffice to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ("Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice.").

Further, beyond Mr. Pinzon's unsupported conclusion that the California courts are no longer an option for his litigation, there is no stated basis for this Court's jurisdiction over what are clearly matters that are either currently being litigated there or were litigated there. Any issue Mr. Pinzon has with the content of the decisions made by the California courts must be raised there in compliance with the Federal Rules of Civil Procedure. This Court is without jurisdiction to take any action on the judgments issued by the California federal courts.

For these reasons the complaint will be dismissed by separate Order which follows.

| | |
|---|---|
| \_\_10.12.2023_____ <br> Date | _____/S/_____ <br> Julie R. Rubin <br> United States District Judge |